**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL L. BULLARD, | : | |
| GDC No. 1000095657, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2848-TWT-JSA |
| RALPH KEMP, Warden; BRIAN | : | |
| OWENS, Commissioner of the | : | |
| Georgia Department of Corrections, | : | |
| Respondents. | : | |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Michael L. Bullard seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his convictions and sentences pursuant to a guilty plea in the Clayton County Superior Court. The matter is presently before the Court on the petition [Doc. 1]; the answer-response with brief and accompanying exhibits [Docs. 4, 6]; Respondent's motion for Brian Owens to intervene as a party respondent with brief in support [Doc. 5]; Petitioner's response [Doc. 8]; and Petitioner's motion to stay the trial court's order [Doc. 7].

AO 72A
(Rev.8/82)

A.      <u>Motions</u>

1.      <u>Motion To Intervene</u>

Georgia Department of Corrections Commissioner Brian Owens has filed a motion to intervene as a party respondent.  (Doc. 5).  Owens states that Warden Ralph Kemp is the warden at the private prison where Petitioner is housed and that, as the state officer having custody of Petitioner, he seeks to intervene to represent the State of Georgia.  (*Id.* at 1-2).  Petitioner has not opposed the motion.[1]  For good cause shown, Commissioner Brian Owens's motion to intervene as a party respondent [Doc. 5] is therefore **GRANTED**.

2.      <u>Motion To Stay Trial Court Order</u>

Petitioner has filed a motion for this Court to stay the trial court's order of judgment [Doc. 7].  There is no basis, however, upon which this Court can stay enforcement or execution of the trial court's order.  *See* 28 U.S.C. § 2283 (prohibiting federal courts from staying state court proceedings unless authorized by federal statute or necessary to protect federal jurisdiction or judgments); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097-1104 (11th Cir. 2004)

---

[1] Although the Clerk docketed Petitioner's reply as a response to the motion to intervene [*See* Doc. 8], Petitioner's reply refers to the actual answer-response. (*Id.*).

2

(discussing types of injunctive relief that federal courts may issue). Thus, Petitioner's motion to stay that order [Doc. 7] is **DENIED**.

B.   Procedural History

On June 4, 2009, Petitioner was indicted by a Clayton County grand jury for four counts of incest, six counts of sexual exploitation of children, two counts of child molestation, sodomy, possession of cocaine, and possession of marijuana. (Doc. 6, Attach. 11 at 55-59).[2]   Petitioner entered a negotiated guilty plea on September 14, 2009, to two counts each of incest and sexual exploitation of children and one count of possession of cocaine, and the State dismissed the remaining charges. (*Id.* at 59-60). The court sentenced Petitioner to a net total of eight years to serve followed by twelve years of probation. (*Id.* at 62-63).

Through new counsel, Petitioner filed a motion to withdraw his guilty plea on October 13, 2009, and an amended motion on April 22, 2010. (Doc. 6, Attach. 11 at 79-81, 85-87). In the amended motion, Petitioner argued that he: (1) did not freely and voluntarily plead guilty because he was not fully advised of his constitutional and statutory rights or available defenses; (2) received ineffective

---

[2] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

3

assistance of counsel for counsel's failure to investigate Petitioner's case and failure to file a motion to suppress evidence illegally seized from his home before a search warrant was obtained; (3) was affirmatively misinformed about the terms of the plea deal; and (4) was never informed that he could withdraw his guilty plea before sentencing. (Doc. 6, Attach. 11 at 85-87). Following a hearing on June 24, 2010, the trial court denied Petitioner's motion to withdraw his guilty plea on July 8, 2010. (*Id.* at 64-69).

Petitioner filed an appeal of the trial court's denial with the Georgia Court of Appeals, and argued that the trial court erred in denying Petitioner's motion to withdraw his guilty plea because: (1) counsel was ineffective for filing to file a motion to suppress the evidence seized from Petitioner's house based on an improper search warrant; and (2) withdrawal was necessary to correct a manifest injustice. (Doc. 6, Attach. 13 at 50, 64). On February 10, 2011, the Georgia Court of Appeals affirmed the trial court's decision. *Bullard v. State*, 706 S.E.2d 154 (Ga. Ct. App. 2011).

Petitioner filed a state habeas petition in the Wheeler County Superior Court on July 25, 2011. (Doc. 6, Attachs. 1-8). Following an evidentiary hearing on March 19, 2012, the state habeas court entered an order denying relief on January

4

10, 2013. (Doc. 6, Attach. 9). The Georgia Supreme Court denied Petitioner's

application for a certificate of probable cause to appeal on June 3, 2013. (Doc. 6,

Attach. 10).

Petitioner filed this federal habeas petition on August 26, 2013, and raises

the following grounds for relief:

(1)   the detective in the case issued a search warrant in violation of O.C.G.A. § 17-5-21(a);

(2)   Petitioner received ineffective assistance of counsel because his trial attorneys failed to investigate the search warrant and file a motion to suppress the search and evidence illegally ceased pursuant to that warrant;

(3)   Petitioner's Fourth Amendment rights were violated by the unreasonable search and seizure in violation of O.C.G.A. § 17-5-23, the search warrant failed to meet the Fourth Amendment particularity requirements, and Petitioner's conviction was therefore obtained by use of inadmissible evidence from an illegal search;

(4)   Petitioner's Fourteenth Amendment right to due process was violated when it was not explained to him that he had a statutory right to withdraw his plea under O.C.G.A. § 17-7-93(b) prior to sentencing; and

(5)   Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise arguable issues on appeal.

(Doc. 1).

5

II.   <u>Discussion</u>

    A.   <u>Non-Reviewable Claims</u>

       1.   <u>Grounds One, Two, And Four Are Procedurally Defaulted.</u>

Federal habeas review is generally barred for a claim that was procedurally

defaulted in state court.  As the Eleventh Circuit has explained,

> [p]ursuant to the doctrine of procedural default, a state prisoner
> seeking federal habeas corpus relief, who fails to raise his federal
> constitution[al] claim in state court, or who attempts to raise it in a
> manner not permitted by state procedural rules is barred from
> pursuing the same claim in federal court . . . .

*Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citations omitted).  Thus,

a claim not previously raised in state court is procedurally defaulted when it is

clear that a state court would not find that it is "barred by [state] law" from

considering the merits of the claim.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Additionally, when "the last state court to review the claim" finds that a claim is

defaulted because the petitioner failed to raise it at trial or on direct appeal, the

petitioner is not entitled to review of that claim in a federal habeas corpus

proceeding.  *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996) ("Federal courts

may not review a claim procedurally defaulted under state law if the last state court

to review the claim states clearly and expressly that its judgment rests on a

6

procedural bar, and the bar presents an independent and adequate state ground for denying relief.").

A federal habeas petitioner can overcome a procedural bar if he demonstrates either (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice, *i.e.*, that unless the federal court reviews the defaulted claim, the petitioner will remain incarcerated despite his actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986); *Owen v. Secretary for Dep't of Corr.*, 568 F.3d 894, 908 (11th Cir. 2009). To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result would have been different" had he presented his defaulted claim. *Spencer v. Secretary, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) (quotation marks and citations omitted). To establish a fundamental miscarriage of justice, *i.e.*, "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

7

physical evidence – that was not presented at trial," which demonstrates that "it is more likely than not that no reasonable juror would have convicted him" of the underlying offenses.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Scarlett v. Secretary, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010).

In Ground One of the petition, Petitioner claims that the police officer who executed the search warrant of Petitioner's home violated O.C.G.A. § 17-5-21(a) when he completed the search warrant before obtaining a magistrate judge's signature.  Petitioner alleges in Ground Two that the police officers who illegally searched and seized evidence from his home violated his Fourth Amendment rights.  In Ground Four, Petitioner argues that he was not informed of the Georgia statute involving his alleged right to withdraw his guilty plea, in violation of the Fourteenth Amendment.  The state habeas court expressly found that these claims were procedurally defaulted because Petitioner never raised them in his motion to withdraw his guilty plea or on appeal, and that Petitioner had not shown cause or prejudice to overcome the procedural default.  (Doc. 6, Attach. 9 at 3-5, 8-9).  Since "the last reasoned opinion on the claim explicitly imposes a procedural default," these claims are procedurally barred.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  Petitioner also has not demonstrated cause and prejudice or a

8

miscarriage of justice in this Court to overcome the procedural default of his claims.[3]  Accordingly, this Court cannot review Grounds One, Two, and Four of the instant petition.

2.     Petitioner's Guilty Plea Waived Grounds One And Two.

The Supreme Court has held that a criminal defendant who has entered a guilty plea "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  By entering a guilty plea, a defendant "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."  *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (citations omitted).  *See also United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (stating that a guilty plea waives "all challenges to the factual basis underlying [a] violation and all other non-jurisdictional challenges to it.").  In addition to the procedural default of these claims, therefore, Petitioner also waived

_____

[3] As discussed *infra* in Section II.B.2.b., to the extent that Petitioner attempts to argue that ineffective assistance of appellate counsel constituted cause for the procedural default of these claims, he has not established that appellate counsel was ineffective.

9

his right to challenge the alleged illegal search and seizure of his home when he entered into his guilty plea. *See, e.g., United States v. Aguilar*, 196 F. App'x 837, 838 (11th Cir. 2006) (holding defendant waived his right to challenge the legality of the search when he entered his guilty plea).

### 3. Ground One Does Not State A Claim For Federal Habeas Relief.

Petitioner's claim in Ground One alleges that the police officer violated state law in connection with the search warrant. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Because Petitioner has not alleged in Ground One that his federal constitutional rights were violated, he also is not entitled to relief on this basis.

### B. Reviewable Claims

### 1. Standard Of Review

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a); *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). This

10

power, however, is limited.  *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (stating that Section 2254 "constrains our review of legal questions decided on the merits in state court").

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(b); *see Berghuis v. Thompkins*, 560 U.S.370, ___, 130 S. Ct. 2250, 2259 (2010); *Johnson v. Upton*, 615 F.3d 1318, 1329 (11th Cir. 2010).  "This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt[.]'"  *Cullen*, 131 S. Ct. at 1398 (citations omitted); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010).

In applying 28 U.S.C. § 2254(d), a federal habeas court must first determine the applicable "clearly established Federal law," based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the

11

relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 404-05, 412 (2000). Next, the Court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Id.* at 405-06; *see also Windom v. Secretary, Dep't of Corr.*, 578 F.3d 1227, 1247 (11th Cir. 2009).

If the Court determines that the state court decision is not contrary to clearly established federal law, the Court must decide whether the state court decision was an "unreasonable application" of clearly established federal law by concluding whether the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412; *Windom*, 578 F.3d at 1247. This reasonableness determination is objective, and the Court may not issue a federal writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. *Williams*, 529 U.S. at 411; *see also Woodford*, 537 U.S. at 24 (2002); *Valle v. Secretary for Dep't of Corr.*, 478 F.3d 1326, 1327 (11th Cir. 2007) (en banc). In other words, it does not matter that the

12

state court's application of clearly established federal law was incorrect, so long as that misapplication was objectively reasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785 (2011) ("For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.") (quotations omitted); *accord*, *Woodford*, 537 U.S. at 26; *Williams*, 529 U.S. at 411; *McIntyre v. Williams*, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Likewise, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When performing its review under § 2254(d), the Court must presume that the state court's determination of factual issues is correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. 28 U.S.C. § 2254(e)(1); *Windom*, 578 F.3d at 1247.

13

2.    <u>Petitioner Has Failed To Demonstrate Ineffective Assistance of Counsel.</u>

a.    <u>Ineffective Assistance of Counsel Standard</u>

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010).  "An ineffective assistance claim has two components:  A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687).  To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'"  *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)).  To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).  To establish prejudice in the context of a guilty plea, Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors," he would not have entered a guilty plea and would have insisted on going to trial.  *Strickland*,

14

466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Allen*, 611 F.3d at 762. The court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

The *Strickland* standard also applies to claims of ineffective assistance of counsel on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Temple v. Morton*, No. 06-15061, 2007 WL 2141823, at *2 (11th Cir. July 27, 2007). To succeed on a claim of ineffective assistance of appellate counsel, as on a claim of ineffective assistance of trial counsel, a petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A petitioner does not have a right to have every possible argument raised on appeal, and it is up to appellate counsel to "'winnow out' weaker arguments." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Finally, appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

15

b.    <u>Trial Counsel Was Not Ineffective.</u>

Petitioner contends in Ground Two that he received ineffective assistance of trial counsel because counsel did not investigate the illegal search warrant and file a motion to suppress based on the fact that an affidavit was not attached to the search warrant that was received from the State during discovery. The Georgia Court of Appeals reviewed Petitioner's ineffective assistance claim and held the following:

> Once sentence is pronounced, withdrawal of a guilty plea will only be allowed "to correct a manifest injustice." *Murray v. State*, 306 Ga.App. 106, 107, 701 S.E.2d 579 (2010). Such injustice may result from ineffective assistance of counsel. *See id.* To establish ineffective assistance, however, the defendant must demonstrate that his attorney's performance was deficient and that, but for the deficiency, he likely would not have pled guilty. *Id.* Moreover, when the ineffective assistance claim is based on counsel's failure to file a motion to suppress, "the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Id.*

> [Petitioner] cannot make this "strong showing" here. It is true that a search warrant must "particularly describe" the things to be seized during the search. *Groh v. Ramirez*, 540 U.S. 551, 557, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004); *see also* OCGA § 17–5–23. But a warrant may meet this requirement by cross-referencing other included documents. *See Groh, supra* at 557–558, 124 S.Ct. 1284. And in this case, the warrant states that the description of items to be seized is contained in "Exhibit C."

16

> [Petitioner] argued below that "Exhibit C" was never attached to the warrant, rendering it invalid.  He demonstrated, and the State conceded, that the copy of the warrant he received in discovery did not include "Exhibit C."  But he presented no evidence that the warrant actually signed by the magistrate in 2008 and used to execute the search lacked the exhibit.  In fact, he did not offer any testimony or documentary evidence regarding the original warrant or its contents.
>
> Given the state of the record, [Petitioner] cannot demonstrate that evidence seized pursuant to the search warrant would have been excluded had defense counsel filed a motion to suppress.  Simply put, he has not shown that the warrant was invalid.  The trial court, therefore, properly denied his motion to withdraw on this ground.  *See Murray*, *supra*.

*Bullard*, 706 S.E.2d at 155.  Petitioner has not demonstrated that the Georgia Court of Appeals' decision was contrary to or involved "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Although the Georgia Court of Appeals did not specifically cite to *Strickland* in its decision, a state court does not have to cite to Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Secretary of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).  The Georgia Court of Appeals' reasoning does not contradict *Strickland*, and although the court cited to a state law case discussing the ineffective assistance

17

standard (*i.e.*, *Murray v. State*, 701 S.E.2d 159 (Ga. Ct. App. 2010)), it described the proper standard to be applied to ineffective assistance claims.

Petitioner also has not shown that had counsel filed a motion to suppress the evidence would, in fact, have been suppressed. *See Huynh v. King*, 95 F.3d 1052, 1058 (11th Cir. 1996). Nor has Petitioner met his burden of affirmatively proving prejudice and not just a "conceivable effect" on the proceedings, *see Wood v. Allen*, 542 F.3d 1281, 1309 (11th Cir. 2008), as Petitioner wrote several letters to the court and the district attorney admitting his guilt, which would have been introduced at the trial, and Petitioner would have been exposed to a much longer sentence when faced with the eleven additional charges that were dismissed in connection with the plea agreement. (*See* Doc. 6, Attach. 12 at 93-95, Attach. 13 at 5-42). Thus, Petitioner has not demonstrated that but for counsel's failure to file a motion to suppress he would have insisted on going to trial. Accordingly, Petitioner is not entitled to relief in connection with Ground Two.

18

c.      Appellate Counsel Also Was Not Ineffective.

Petitioner claims in Ground Five that appellate counsel was ineffective for failing to raise "arguable issues" on appeal.  Specifically, Petitioner argues that appellate counsel should have raised on appeal that:  (1) no one advised Petitioner that he could have withdrawn his plea prior to sentencing; and (2) the search of Petitioner's home was unconstitutional because the search warrant was invalid. (Doc. 1, Attach. 1 at 4-6).  The state habeas court reviewed Petitioner's claim of ineffective assistance of counsel and made the following findings of fact:

> Petitioner was represented at the appellate level by Robert Mack. (HT 240).  Appellate counsel was admitted to the Bar in Georgia in 1993. (HT 2-3).  He began his legal career as a solo practitioner with approximately seventy-five (75) percent of his case load consisting of criminal defense. (HT 2).  Over time the percentage of his case load consisting of criminal defense has decreased to approximately twenty-five (25) percent currently.  (HT 3).

> At the evidentiary hearing, Petitioner questioned appellate counsel regarding his failure to argue on appeal that Petitioner was not informed of his statutory right to withdraw his guilty plea.  (HT 15-16).  Appellate counsel testified that he could not recall if he raised the issue in the appeal or not but that if he did not raise the issue, it was because he had raised the issue before in another case and received an adverse decision on that issue from the appellate court. (HT 16).

> Appellate counsel testified that in preparing the Motion to Withdraw Guilty Plea and subsequent appeal he talked with both of Petitioner's

19

AO 72A
(Rev.8/82)

> trial attorneys to find out what transpired at the plea hearing, talked to Petitioner about the plea offer, spoke with Petitioner's sister, examined the discovery relating to the search warrant, and reviewed the transcript of the plea hearing.  (HT 19, 21).  He testified that he raised every claim in the appeal that he thought had merit and that there were no meritorious claims that he could have raised and chose not to.  (HT 22).

(Doc. 6, Attach. 9 at 10).  The state habeas court then applied *Strickland* to the facts and found that appellate counsel was not ineffective.  (*Id.* at 10-11). Petitioner has not demonstrated that this decision was contrary to or involved an unreasonable application of, Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see Berghuis*, 130 S. Ct. at 2259; *Johnson*, 615 F.3d at 1329.

The state habeas court's findings of fact are presumed to be correct, because Petitioner has not demonstrated otherwise with clear and convincing evidence. *See* 28 U.S.C. § 2254(e); *Windom v. Secretary of Dep't of Corr.*, 578 F.3d 1227, 1248 (11th Cir. 2009).  Thus, this Court must accept as true the state habeas court's factual findings that: (1) appellate counsel did not raise the issue that Petitioner was not advised of his statutory right to withdraw his plea because counsel did not believe it would be a viable claim since the state appellate court had rejected that

same claim in another case; and (2) appellate counsel raised every claim on appeal that he felt had merit.  Moreover, Petitioner's guilty plea waived any such challenge to the alleged unconstitutional search and seizure.[4] Petitioner, therefore, has not demonstrated that appellate counsel's decision not to raise these meritless issues on appeal was anything other than a reasonable, strategic decision based on the law, and appellate counsel was not ineffective for failing to raise them.  *See Winfield*, 960 F.2d at 974; *see also Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit.").  The state habeas court's finding was neither contrary to, nor an unreasonable application of, *Strickland*, nor was it an unreasonable determination of the facts, and accordingly, Petitioner is not entitled to relief in connection with Ground Five.

IV.   Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the instant federal habeas petition [Doc. 1] be **DENIED** and that this action be **DISMISSED**.

---

[4] *See* discussion *supra*, in Section II.A.2.

AO 72A
(Rev.8/82)

**IT IS ORDERED** that Commissioner Brian Owens's motion to intervene as a party respondent [Doc. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay the trial court's order [Doc. 7] is **DENIED**.

## VI.    Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's

22

assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 366 (2003)*; Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that Petitioner's grounds for relief are procedurally barred, waived by his guilty plea, or without merit.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 7th day of January, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

23